**Gregory Antollino. Esq.**
1123 Broadway Suite 902
New York, NY 10010
(212) 979-6899

February 15, 2008

Magistrate Robert M. Levy
US District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE:   <u>Attard v. Board of Education of New York City, 05 cv 2129</u>

Dear Judge Levy:

Please accept this letter motion in advance of the settlement conference because I think it will help move the case forward, either at the settlement conference or shortly thereafter. I make this motion (a) to strike the answer; or (b) preclude the City from contesting plaintiff's expert opinion; and (c) to pay the costs that my client had to pay for the expert to conduct statistical tests on flawed data, approximately $5000 and attorneys' fees for having to make this motion. I make this motion in advance of the conference because today I received a call today from my adversary, Cindy Switzer, indicating that though she had cleared a couple of hurdles at the law department, the Comptroller had denied her any authority to settle the case at the twice adjourned (in order to allow the City to get settlement authority) settlement conference scheduled for February 22. Though we intend to go through with the conference, I think that a prima facie airing of these procedural issues – which are in effect, given the relief requested, substantive issues – will either help the possibility of settlement or get the case quickly back on track.

<u>Procedural History</u>

I declare that the following is true under penalty of perjury. As the Court is aware, this case has been inordinately delayed by the City for failing to turn over documents and statistics in a timely manner. <u>It took the City an entire year to respond to plaintiff's second and third combined demands, even after it had been sanctioned for that failure in January 2007</u>. It turned out, as I will explain below, that those responses were inaccurate. The City has been sanctioned already once; indeed, the City did not even respond to the sanctions motion that led to the sanction that the Court approved a year ago. Although at one point Ms. Switzer had a sympathetic excuse for a period of delay – approximately a month in which she attended to her sick parents – it does not excuse the year and a half delay that has resulted for reasons having nothing to do with Ms. Switzer's situation. The failings of the City cannot be visited on one attorney, especially since the Court suggested that the case be reassigned to another attorney and the powers that be at Corporation Counsel denied that request.

Presenting Failures by the City

The reason for this specific request is that plaintiff's second and third combined demands were tailored, in thus summer of 2006, to meet plaintiff's expert's request for specific information necessary to render an expert opinion as to whether the City's treatment of older workers within the Department of Education were victims of discrimination. After a year, in the summer of 2007, the City finally turned over statistics that I, in turn, turned over to my expert. (Although plaintiff need not have done this, we finally compromised on the form in which the statistics would be presented, which was not exactly the way that my expert requested it and required a lot of additional leg work on her part and additional cost to my client.)

The statistics requested were basically a snapshot of the ages of teachers in the school system. After some analysis, it was obvious that the data was incorrect insofar as there were numerous obvious mistakes in the data: there were over 200 teachers in their eighties – not an impossibility, mind you, but highly unlikely in a school system with generous retirement benefits – and even a handful of teachers younger than eighteen – a certain impossibility. My client spent some $5000 having her expert analyze this data which the City ultimately admitted was flawed (see exhibit A, email from Cindy Switzer). No valid data has come forward. We have waited long enough and the City's conduct in (a) taking over a year to supply the data; (b) supplying only flawed data; and (c) not promptly correcting the data is patently sanctionable.

Remedy

I would first request the Court strike the City's answer and schedule a trial on damages. Striking the answer is a reasonable request considering the facts in this case: At this point, the City has been sanctioned once for failure to respond to plaintiff's second and third combined demands; it then took another nine months to comply with the demands. Then the City finally supplied flawed data in supposed response to those demands, wasted this plaintiff's money and her expert's time, and now has not even lifted a finger to correct the problem. This is exactly the sort of behavior that striking the answer is made to deter.

The fall back remedy should be both precluding the City from contesting plaintiff's statistics and requiring the City to pay plaintiff's fees and costs in connection with analyzing the flawed data making this motion. What's fair is fair. Plaintiff always saw this (and put the Court and the City on notice) as a case in which her proof would be through the presentation of statistics. The City, in turn, has stymied that effort by refusing to supply what we need. Plaintiff's expert has been able to render a preliminary opinion based on the ages of a small snapshot of a single school district. True, she came to the conclusion that there was discrimination,[1] but the City should not be able to comment on the preliminary nature of that opinion in any way, shape or form if they cannot supply

---

[1] I have supplied both the Court and counsel with that opinion in previous filings. If it is needed again, please let me know.

accurate statistics that were requested a year and a half ago. If the Court does not strike the answer, there is no other way to parse out a remedy short of refusing to allow the City to contest plaintiff's evidence -- the evidence is preliminary, and thus incomplete and susceptible of criticism --solely because of the City's failures and its refusal to turn over data in its sole possession. Plaintiff is prejudiced by this failure and to even the playing field, the City cannot take advantage of the position in which it has placed plaintiff.

      Reimbursement of costs incurred should be obvious. Plaintiff spent some $5,000 (about half of her expert payment thus far) to analyze data that was flawed; there was also no reason for me so spend so many hours writing the Court about data that was due in the summer of 2006. This is the City's negligence and they must be responsible for the costs incurred in dealing with its errors. I attach as Exhibit B a case from Judge Ellis from late last year that is substantially on point. <u>Fleming v. City of New York</u>, 01 Civ. 8885, slip op as published in <u>New York Law Journal</u>, 12/26/07.

      For these reasons, I ask that the motion be granted.

Sincerely,

/s/

Gregory Antollino