UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
REBECCA ATTARD,

                                  Plaintiff,                  MEMORANDUM AND
                                                      ORDER

     -against-

                                                     05 CV 2129 (JG) (RML)

THE CITY OF NEW YORK and THE BOARD
OF EDUCATION OF THE CITY OF NEW
YORK,

                                  Defendants.
------------------------------------------------------X

LEVY, United States Magistrate Judge:

         Plaintiff Rebecca Attard ("plaintiff") has filed a Second and Third Motion for

Sanctions against defendants the City of New York and the Board of Education of the City of

New York (collectively, "defendants") for repeated failure to comply with court-ordered

discovery and for failure to serve plaintiff with a timely opposition to the Second Motion for

Sanctions, respectively, pursuant to Federal Rules of Civil Procedure 16 and 37. (See Second

Motion for Sanctions, dated Feb. 15, 2008 ("Second Motion"); Third Motion for Sanctions,

dated Mar. 6, 2008 ("Third Motion").) Specifically, plaintiff asks me to "(a) strike [defendants']

answer; or (b) preclude the City from contesting plaintiff's expert opinion; and (c) . . . pay the

costs that [Attard] had to pay for [an] expert to conduct statistical tests on flawed data . . . and

attorney's fees" arising from these motions. (Second Motion 1; see also Third Motion 1 (moving

to have Second Motion granted unopposed).) For the reasons stated below, plaintiff's Second

Motion is granted in part and denied in part, and the Third Motion is denied.

Plaintiff filed her age discrimination case in this Court on May 3, 2005. To ensure smooth disposition of the matter, I issued an order for the parties to complete discovery by February 15, 2006. (See Order, dated July 25, 2005.) Over a month after the discovery deadline expired, defendants filed a consent motion for an extension of time to complete discovery because defendants' counsel had "inadvertently neglected to properly calendar the discovery completion date." (First Motion for Extension of Time to Complete Discovery, dated Mar. 17, 2006.) I granted the motion and extended discovery until September 29, 2006. (See Order, dated Mar. 21, 2006; Order, dated Apr. 4, 2006.) On September 29, 2006, plaintiff filed a motion for an extension of time to complete discovery, asserting, *inter alia*, that defendants had failed to answer outstanding requests submitted that August. (See Letter from Gregory Antollino, Esq., dated Sept. 29, 2006 (Because "discovery had [not] been obtained . . . . and no date is in sight, [plaintiff] must ask for more time . . . . as well as an order directing the City to respond to the unanswered demands.").) After holding a status conference with the parties, I ordered defendants to respond to plaintiff's outstanding requests by November 30, 2006 and extended discovery to January 31, 2007. (See Order, dated Oct. 11, 2006; see also Order, dated Oct. 10, 2006.)

On December 14, 2006, plaintiff moved the court to sanction defendants for not complying with the October 11, 2006 Order. (See First Motion for Sanctions, dated Dec. 14, 2006 ("First Motion").) Specifically, plaintiff noted that the case largely turns on expert analysis

---

[1] Due to this case's cumbersome procedural history, I have narrowed the background discussion to those events which directly relate to the motions at bar.

of statistical data that only defendants can provide.  Despite the centrality of this information to plaintiff's argument, defendants' counsel nevertheless had informed plaintiff's counsel on December 9, 2006 that she again had forgotten the now-passed discovery deadlines and claimed that, regardless, she could not produce the data because the individual charged with compiling them was out sick.  As of the filing date of the First Motion, defendants had yet to answer plaintiff's discovery demands or file for an extension of time.  (See First Motion 1-2.) Defendants failed to respond to the First Motion.  Accordingly, I partially granted the First Motion and ordered that "any and all properly served Requests for Admission for which defendant has not raised a timely objection are deemed ADMITTED."  (See Order, dated Jan. 31, 2007.)

On February 27, 2007, I extended the discovery deadline to June 30, 2007, scheduled an additional conference for March 30, 2007, and ordered the parties to confer to resolve any lingering disputes.  (See Order, dated Feb. 27, 2007.)  On March 20, 2007, plaintiff submitted a letter to the court detailing opposing counsel's apparent inability – and later refusal – to discuss the outstanding discovery issues.  (See Letter from Gregory Antollino, Esq., Concerning Events Since Last Conference, dated Mar. 20, 2007.)  Plaintiff simultaneously filed another letter along with a copy of defendants' discovery responses, in which defendants still refused to produce the materials that I deemed admitted in the January 31, 2007 Order granting plaintiff's First Motion for Sanctions.  (See Letter from Gregory Antollino, Esq., with Complete Documents Submitted in re Plaintiff's 2nd and 3rd Combined Demands, dated Mar. 20, 2007; see also Order, dated Jan. 31, 2007.)

Defendants' counsel did not respond to either letter, failed to appear at the March 30, 2007 discovery conference, and did not request an adjournment. Consequently, I ordered defendants' counsel to explain her absence and to respond to plaintiff's March 20, 2007 letter no later than April 11, 2007. (See Order, dated Apr. 2, 2007.) I also ordered the parties to attend a status conference on April 12, 2007. (Id.) Defendants' attorney did not attend the status conference due to an emergency and on April 19, 2007, notified plaintiff and the court that she required two additional weeks to update the court on any outstanding discovery issues. At the next conference, I extended discovery to September 30, 2007. (See Order, dated May 18, 2007.) At a conference held with the parties on June 26, 2007, I ordered that by July 13, 2007, defendants must either produce the statistical information that plaintiff had requested in August 2006 or submit an affidavit explaining why they could not do so. (See Order, dated June 26, 2007.) Defendants did neither. I held another conference on July 13, 2007, (see id.), at which I ordered defendants to produce the statistical data no later than July 27, 2007. (See Order, dated July 13, 2007.)

On October 31, 2007, plaintiff notified me that the statistical data defendants finally provided contained voluminous errors – such as listing many New York City public school teachers as over ninety years old or under eighteen – and that plaintiff would need a thirty-day extension to compensate for these deficiencies and produce an expert report. (See Motion to Adjourn Conference, dated Oct. 31, 2007.) Nearly a month later, plaintiff informed me that defendants' additional statistical productions contained the same pervasive errors and, as a result, the expert she had retained could not perform a proper analysis. (See Motion to Adjourn Conference, dated Nov. 30, 2007.) Defendants' counsel agreed that the data produced

were flawed.  (See E-mail from Cindy Switzer to Gregory Antollino (Nov. 13, 2007) attached to Motion to Adjourn Conference, dated Nov. 30, 2007.)  To date, defendants have not produced corrected data.

Due to defendants' delays in fulfilling plaintiff's discovery requests and the deficiencies in defendants' productions, plaintiff filed a Second Motion for Sanctions on February 15, 2008.  Defendants failed to serve plaintiff with a complete response, leading plaintiff to file a Third Motion for Sanctions on March 6, 2008.[2]  Defendants did not respond.

## DISCUSSION

Discovery generally encompasses any nonprivileged matter "which is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence."  Fleming v. City of New York, No. 01 Civ. 8885, 2007 WL 4302501, at *2 (S.D.N.Y. Dec. 7, 2007) ("Fleming II") (citing Fed. R. Civ. P. 26(b)).  When a party engages in discovery misconduct, a court "has broad discretion to impose sanctions."  Fleming v. City of New York, No. 01 Civ. 8885, 2006 WL 2322981, at *5 (S.D.N.Y. Aug. 9, 2006) ("Fleming I") (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)); accord Fed. R. Civ. P. 37(b)(2) & (c)(1).

Sanctions aim "1) to ensure that the offending party will not be able to profit from the failure to comply; 2) to provide a strong deterrence to the non-compliant party and to others

_____

[2] Because defendants served plaintiff with a complete response to plaintiff's Second Motion only on March 7, 2008, four days after the deadline and without moving to file out of time, I will not consider the response in my evaluation of the Second Motion.  See Fed. R. Civ. P. 16(f) ("[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order."), 37(b)(2)(A)(ii)-(vii); see also Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 40-41 (2d Cir. 1997).

in the public; and 3) to secure compliance with an order." Hudson v. IRS, No. 1:03 CV 172,

2007 WL 2295048, at *7 (N.D.N.Y. Mar. 27, 2007) (citing Cine Forty-Second St. Theatre Corp.

v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir.1979); Trehern v. OMI Corp., No.

98 Civ. 242, 1999 WL 47303, at *8 (S.D.N.Y. Feb. 1, 1999)).  In the current circumstances,

available sanctions include

> (i) directing that the matters embraced in the order or other
> designated facts be taken as established for purposes of the action,
> as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated
> matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order
> except an order to submit to a physical or mental examination.
> . . . .
> (C) Payment of Expenses. Instead of or in addition to the orders
> above, the court must order the disobedient party, the attorney
> advising that party, or both to pay the reasonable expenses,
> including attorney's fees, caused by the failure, unless the failure
> was substantially justified or other circumstances make an award
> of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii) & (C); see Fleming II, 2007 WL 4302501, at *2-4; Fleming I,

2006 WL 2322981, at *5; Fed. R. Civ. P. 37(c)(1).  However, before sanctioning a party

pursuant to Rule 37, "the non-disclosing party must have violated a court order to produce."

Fleming II, 2007 WL 4302501, at *2 (citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d

1357, 1363 (2d Cir. 1991)); accord Fleming I, 2006 WL 2322981, at *2.

A thorough reading of the case history reveals that defendants have violated

orders throughout discovery.  Defendants have refused to admit discovery requests deemed

admitted in the January 31, 2007 Order (see Motion for Protective Order by All Defendants,

dated Feb. 5, 2007), failed to appear at a scheduled conference, (see Order, dated Feb. 27, 2007;

Order, dated Apr. 2, 2007), neglected to file affidavits when ordered, (see Order, dated June 26,

2007), and repeatedly failed to file responses to plaintiff's motions.  Most egregiously,

defendants repeatedly have missed deadlines to produce the statistical data central to plaintiff's

case in a useable form.  See Fed. R. Civ. P. 16(e)(1) ("A party who has made a disclosure under

Rule 26(a) [governing discovery] – or who has responded to a[] . . . request for production . . .

must supplement or correct its disclosure . . . in a timely manner if the party learns that in some

material respect the disclosure . . . is incomplete or incorrect . . . ."); Fed. R. Civ. P. 37(a), (b) &

Advisory Committee Notes ("The production of electronically stored information should be

subject to comparable requirements to protect against deliberate or inadvertent production in

ways that raise unnecessary obstacles for the requesting party.").  As is common in anti-

discrimination actions, plaintiff requires statistical data that only defendants can provide, and

plaintiff has tailored discovery demands to obtain this vital information.   Nevertheless,

defendants have forced plaintiffs to endure lengthy delays, struggle with defective data

productions, and expend valuable resources to compel defendants to comply with the law.

Accordingly, I find defendants' conduct sanctionable.  See generally Fed. R. Civ. P. 16(f), 37.

"Factors to be considered in granting . . . sanction[s] as a result of failure to

follow discovery order [sic] are '(a) willfulness or bad faith on the part of the noncompliant

party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d)

whether the noncompliant party had been warned about the possibility of sanctions; (e) the

client's complicity; and (f) prejudice to the moving party.'"  Fleming II, 2007 WL 4302501, at

*3 (quoting Am. Cash Card Corp. v. AT&T Corp., 184 F.R.D. 521, 524 (S.D.N.Y. 1999) (citing

Jodi Golinsky, The Second Circuit's Imposition of Litigation-Ending Sanctions for Failures to

Comply with Discovery Orders, 62 Brook. L. Rev. 586, 596-97 (1996))).

        Plaintiff avers that defendants' behavior warrants an order striking defendants'

answer or precluding defendants from contesting plaintiff's expert opinion.  (See Second Motion

1.)  However, "[g]ranting of a litigation ending device such as striking the [defendants'] Answer

for failure to comply with discovery orders is an extreme measure."  Fleming II, 2007 WL

4302501, at *3 (citing Bambu Sales v. Ozak Trading, 58 F.3d 849, 853 (2d Cir. 1995)); see Nat'l

Hockey League, 427 U.S. at 639, 643 (suggesting that dispositive sanctions require showing of

willfulness or bad faith on part of offending party).  Without a demonstrative showing of

defendants' bad faith, I decline to strike their answer.  Similar reasoning applies to my

evaluation of plaintiff's request to preclude defendants from contesting plaintiff's expert opinion.

Although some case law implies that this measure may constitute an appropriate response to

defendants' behavior, see, e.g., Hagans v. Henry Weber Aircraft Distribs., Inc., 852 F.2d 60, 64

(3d Cir. 1988), the centrality of expert testimony to the final disposition of this case would

unduly prejudice defendants.  Therefore, plaintiff's request is denied.[3]

        Though defendants' actions do not warrant such drastic measures, monetary

sanctions are necessary "because the [defendants'] conduct has unduly impeded the progression

of discovery and prevented the timely and effective prosecution of this action."  Fleming I, 2006

WL 2322981, at *4; accord id. at *5; Fed. R. Civ. P 16(f)(2) ("Instead of or in addition to any

---

[3]Because granting plaintiff's Third Motion also would lead me to strike defendants'
answer and preclude defendants from challenging plaintiff's expert report, plaintiff's Third
Motion for Sanctions is denied.  See Fleming I, 2006 WL 2322981, at *5; Fed. R. Civ. P. 37.

other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule . . . ."), 37(b) Advisory Committee Notes.

To date plaintiff has expended approximately $5,000 to have an expert examine what turned out to be flawed data provided by defendants. (See Second Motion 1, 2.) Because the data errors rendered the expert's conclusions unusable, plaintiff inevitably will have to employ an expert again to produce a new report once defendants produce accurate data. Plaintiff should not shoulder these burdens. See, e.g., Fleming II, 2007 WL 4302501, at *4 ("A party may be sanctioned for its 'failure to produce the documents necessary to facilitate the expert's review, particularly after multiple requests,' especially where 'extensive analysis of . . . statistical evidence' is required." (quoting Evans v. Connecticut, 24 F. App'x 35, 37 (2d Cir. 2001) (ellipses in original)); accord Fleming I, 2006 WL 2322981, at *5. Consequently, I order defendants to compensate plaintiff for the reasonable costs that plaintiff incurred when the expert examined the corrupt data as well as the costs that plaintiff will expend for procuring a new expert report.

To remedy the extensive delays and waste of resources that defendants have caused plaintiff, I also order defendants to pay all reasonable attorney's fees and costs that plaintiff has accrued in her efforts to enforce discovery. See Fleming II, 2007 WL 4302501, at *3 (citing Fed. R. Civ. P. 37(c)(1)); Fed. R. Civ. P. 16(f). "The amount of attorney's fees to be charged . . . shall be determined by the lodestar analysis, whereby the number of billable hours are [sic] multiplied by counsel's reasonable billing rate." Id. (citing LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763-64 (2d Cir. 1998) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433

(1983))); accord Fleming I, 2006 WL 2322981, at *5.

**CONCLUSION**

For the reasons above, it is ordered that plaintiff's Second Motion for Sanctions is granted in part and denied in part, and that plaintiff's Third Motion for Sanctions is denied. Defendants shall pay for the reasonable expenses that plaintiff incurred in hiring an expert witness to examine defendants' inaccurate statistical data. Defendants also shall pay the reasonable costs that plaintiff expends to hire an expert witness to examine the corrected information. Furthermore, defendants shall pay all reasonable attorney's fees and costs that plaintiff has accrued to enforce discovery in this case. Fifteen days after the conclusion of discovery, plaintiff shall submit to chambers detailed accounts of the relevant expenses for examination.

SO ORDERED.

Dated: Brooklyn, New York
      May 5, 2008

                                             /s/
                               ROBERT M. LEVY
                               United States Magistrate Judge